
LAW OFFICES OF BING LI, LLC
Bing Li (BL 5550)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
Attorneys for Plaintiff
Korean Produce Buying Service Inc.
bli@blillc.com

Chan Yun Joo, Esq.
303 Fifth Avenue, Suite 806
New York, NY 10016
(212) 447-1600
Co-counsel to Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KOREAN PRODUCE BUYING SERVICE INC.,       Case No.:
t/a K.P.T.,

                Plaintiff,            **COMPLAINT**

    -against-

CHA BROTHERS, MYUNG JONG CHA and
HAE JA CHA, individually and/or doing business
as Cha Brothers,

                Defendants.
-----------------------------------------------------------x

    Plaintiff, KOREAN PRODUCE BUYING SERVICE INC. t/a K.P.T., for its complaint against the defendants, alleges at all times and upon information and belief as follows:

### JURISDICTION AND VENUE

    1.    This court has subject matter jurisdiction over the within civil action pursuant to Section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 because defendants reside in this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## NATURE OF ACTION

3. Plaintiff commences this action to enforce the trust provisions of P.L. 98-273, the 1984 Amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c) in the trust amount of $90,261.01 as of November 02, 2007, together with interest and attorney's fees recoverable under the PACA.

## PARTIES

4. Plaintiff is a New York corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce.

5. At all times relevant herein, plaintiff was and remains to be a commission merchant or produce dealer subject to and licensed under the PACA, 7 U.S.C. § 499a.

6. Defendant MYUNG JONG CHA ("M. Cha") is an individual doing business under the assumed name of CHA BROTHERS pursuant to a Business Certificate docketed in the Bronx County Clerk's office dated February 9, 1995.

7. Defendant HAE JA CHA ("H. Cha") is an individual doing business under the assumed name of CHA BROTHERS pursuant to a Business Certificate docketed in the Bronx County Clerk's office dated February 9, 1995.

8. Defendant CHA BROTHERS is an assumed business name adopted by defendants M. Cha and H. Cha with its principal place of business at 4376 White Plains Road, Bronx, City and State of New York.

9. At all times relevant herein, defendants were and still are retailers of engaged in the business of selling perishable agricultural commodity at retail within the meaning of PACA, 7 U.S.C. § 499a.

10. At all times relevant herein, defendants M. Cha and H. Cha were in control of the PACA trust assets belonging to plaintiff.

## STATEMENT OF FACTS

11. In the years of 2006 and 2007, Plaintiff sold and delivered to defendants, in interstate commerce, perishable agricultural products, within the meaning of the PACA, 7 U.S.C. § 499a.

12. At the time of receipt of the produce by defendants, plaintiff became a beneficiary in a statutory trust (the "PACA Trust") designated to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

13. Plaintiff preserved its interest in the PACA Trust by providing notice to defendants of its intent to preserve the trust in its original and usual billing or invoices statements for the produce sold and delivered to defendants.

14. Despite the requirement and liability created by the PACA Trust, defendants had failed to pay for the produce when payment was due and presently owe plaintiff the total amount of **$90,261.01** as of November 2, 20077.

15. Defendants had frequently issued checks to plaintiffs in payment for plaintiff's produce while knowing that they did not have sufficient funds in their account.

Between August 2006 and August 2007, defendants issued at least eight (8) checks for a combined amount of $35,861.50 that were all dishonored for insufficient funds.

16. Despite repeated demands, defendants have since refused to make any payment to plaintiff.

17. Defendants' failure, inability and refusal to pay the amount of $90,261.01 show that defendants have failed to maintain sufficient assets in the statutory trust to pay plaintiffs and are dissipating trust assets.

## FIRST COUNT
### (Failure to Pay Trust Funds)

18. Plaintiff repeats and realleges each and every allegation made in Paragraphs "1" through "17" of the Complaint as if fully set forth herein.

19. The failure of defendants to make payments to plaintiff of trust funds in the amount of $90,261.01 from the statutory trust is a violation of the PACA and PACA regulations and is unlawful.

## SECOND COUNT
### (Failure to Pay for Goods Sold)

20. Plaintiff repeats and realleges each and every allegation made in Paragraphs "1" through "19" of the Complaint as if fully set forth herein.

21. Defendants failed and refused to pay plaintiff $90,261.01 owed to plaintiff for produce sold and delivered to defendants.

## THIRD COUNT
### (Unlawful Dissipation of Trust Assets by Corporate Officers)

22. Plaintiff repeats and realleges each and every allegation made in Paragraphs "1" through "21" of the Complaint as if fully set forth herein.

23. As proprietors doing business under the assumed name, Cha Brothers, and officers and directors of Cha Brothers, M. Cha and H. Cha were in a position to control the PACA trust assets belonging to plaintiff during the relevant time period.

24. Defendants M. Cha and H. Cha failed to direct the proprietorship to fulfill its statutory duties to preserve the PACA trust assets and pay plaintiff for the produce it supplied.

25. Defendants M. Cha and H. Cha's failure to direct the proprietorship to maintain PACA trust assets and pay plaintiff for the produce its supplied was an unlawful dissipation of trust assets.

26. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## FOURTH COUNT
### (Interest and Attorney's Fees)

27. Plaintiff repeats and realleges each and every allegation made in Paragraphs "1" through "26" of the Complaint as if fully set forth herein.

28. As a result of defendants' failure to make full payment promptly of $90,261.01, plaintiff has lost the use of said money.

29. As a further result of defendants' failure to make full payment promptly of $90,261.01, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

30. Plaintiff is entitled to recover pre-judgment interest and attorney's fees incurred herein.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

1. An order enforcing payment from the trust by requiring immediate payment of $90,261.01 to plaintiff;

2. Judgment against each of the defendants, jointly and severally, in the amount of $90,261.01 under the trust provision of the PACA;

3. Judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and reasonable attorney's fees; and

4. Such other and further relief as the Court finds proper.

Dated: New York, New York
       March 10, 2008

                                        LAW OFFICES OF BING LI, LLC
                                        Attorneys for Plaintiff

                                        By: _____
                                            Bing Li (BL 5550)


                                        Chan-Yun Joo, Esq.
                                        co-counsel to Plaintiff