LAW OFFICES OF BING LI, LLC
Bing Li (BL 5550)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
Attorneys for Plaintiff
Korean Produce Buying Service Inc.
bli@blillc.com

Chan Yun Joo, Esq.
303 Fifth Avenue, Suite 806
New York, NY 10016
(212) 447-1600
Co-counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
KOREAN PRODUCE BUYING SERVICE INC.,                Case No.:
t/a K.P.T.,

                               Plaintiff,

           -against-

CHA BROTHERS, MYUNG JONG CHA and
HAE JA CHA, individually and/or doing business
as Cha Brothers,

                            Defendants.
------------------------------------------------------------------x

### DECLARATION OF BING LI
### IN SUPPORT OF MOTION FOR
### EX PARTE TEMPORARY RESTRAINING ORDER

      BING LI, an attorney duly admitted to practice before this Court, declares under the penalty of perjury as follows:

      1.    I am a member of the LAW OFFICES OF BING LI, LLC, attorneys for KOREAN PRODUCE BUYING SERVICE INC., t/a K.P.T., the Plaintiff in the within action.

2. I respectfully submit this Declaration in compliance with Rule 65(b) of the Federal Rules of Civil Procedure in connection with Plaintiff's application for a temporary restraining order without notice to the defendants.

3. The instant action involves Plaintiff's efforts to enforce the statutory trust created by operation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c) in the amount of $90,261.01 as of November 2, 2007.

4. Plaintiff, through the affidavit of its representative, demonstrates on this application that (i) Plaintiff is a produce dealer and creditor of defendants under PACA; (ii) Defendants engaged in the business of selling perishable agricultural products at retail and are "retailers" within the meaning of PACA (7 U.S.C. § 499a(b)(11); (iii) defendants have failed to maintain the PACA trust to protect plaintiff's interests and failed or refused to pay plaintiff for the $90,261.01 worth of produce that was sold and delivered to defendants. As such, defendants have failed or refused to comply with the statutory requirement to maintain and protect the PACA trust in payment for Plaintiff's perishable produce.

5. Your declarant respectfully submits to the Court that under the circumstances giving defendants notice before entry of a preliminary injunction order would most likely allow defendants to further dissipate the PACA trust assets pending a hearing, thus resulting irreparable harm to the Plaintiff. As the District Court held in Horizon Marketing v. Kingdom International, Ltd., 244 F. Supp. 2d 131, 140 (E.D.N.Y. 2003), "… the irreparable harm … as in other PACA cases, is the risk that a produce buyer will have dissipated the PACA trust without paying the produce seller, thus leaving the produce seller out of luck and out of money."

6.  The purpose of the temporary restraining order is to maintain the status quo so that defendants will not transfer or continue to dissipate the trust assets and Defendants can seek to obtain immediate dissolution of the restraining relief by paying plaintiff of the trust moneys that are owed. Accordingly, the Court is requested to grant the temporary restraining relief sought herein pending the hearing of plaintiff's application for a preliminary injunction.

7.  I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on March 10, 2008
New York, New York.

                                            Bing Li (BL 5550)