UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KOREAN PRODUCE BUYING SERVICE INC.,     Case No.:
t/a K.P.T.,

                         Plaintiff,

    -against-

CHA BROTHERS, MYUNG JONG CHA and
HAE JA CHA, individually and/or doing business
as Cha Brothers,

                         Defendants.
-----------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER *EX PARTE* AND FOR PRELIMINARY INJUNCTION


LAW OFFICES OF BING LI, LLC
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
Attorneys for Plaintiff
Korean Produce Buying Service Inc.

Chan Yun Joo, Esq.
303 Fifth Avenue, Suite 806
New York, NY 10016
(212) 447-1600
Co-counsel to Plaintiff

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................... iii

PRELIMINARY STATEMENT ......................................................... 1

ARGUMENT ..................................................................................... 2

    Point I.    The PACA Trust And Plaintiff's Beneficiary Interest In The Trust .......... .................................... 2

    Point II.    A Temporary Restraining Order Is Necessary And Appropriate To Prevent Defendants' Dissipation Of The PACA Trust Assets. ...................... 3

    Point III.    Plaintiff Is Entitled To Preliminary Injunctive Relief During The Pendency Of The Action. ................ 5

    Point IV.    The Court Should Not Require Plaintiff To Post A Bond For The Preliminary Injunction. ..................... 7

CONCLUSION .................................................................................. 8

# TABLE OF AUTHORITIES

## STATUTES

Perishable Agricultural Commodities Act of 1930, as Amended
    7 U.S.C. § 499a .................................................................. 1,2,7

Perishable Agricultural Commodities Act of 1930, as Amended
    7 U.S.C. § 499e .................................................................. 1,3,7

## RULES

Federal Rules of Civil Procedure, Rule 65 ................................... 1,3,7

## CASES

California ex rei Van De Kamp v. Tahoe Regional Planning Agency
766 F.2d 1319, as amended, 775 F.2d 998 (9th Cir. 1985) .................. 7

Continental Fruit Co. v. Gatziolis & Co.
74 F.Supp. 453 (N.D. Ill. 1991) ................................................. 6

Coosemans Specialties, Inc. v. Gargiulo
485 F.3d 701 (2d Cir. 2007) .................................................... 2,3

D.M. Rothman & Co. v. Korea Commercial Bank of N.Y.
411 F.3d 90 (2d Cir. 2005) ...................................................... 2

Gullo Produce Co., v. A.C. Jordan Produce Co.
751 F.Supp. 64 (W.D.Pa. 1990) ................................................ 6

Horizon Marketing v. Kingdom International, Ltd.
244 F. Supp. 2d 131 (E.D.N.Y. 2003) ....................................... 4,5,6

Robinson Company v. Alanco Corp.
239 F.3d 483 (2nd Cir. 2001) ................................................... 3

Tanimura and Antle, Inc. v. Packed Fresh, Inc.
222 F.3d 132 (3d Cir. 2000) .................................................... 4,6

Wayne Chemical, Inc. v. Columbus Agency Servo Corp.
567 F.2d 692 (7th Cir. 1977) ................................................... 8

**CONGRESSIONAL RECORD**

H.R. Rep. No. 98-453 (1984),
reprinted in 1984 U.S.C.C.A.N. 405, 406 (1984) ………………………. 4,6


**TREATIES**

Agricultural Commodities Act: A Necessary Means of
Trust Enforcement,
23 U.C. Davis L.Rev. 3 (Spring 1990) …………………………… 4

## PRELIMINARY STATEMENT

Plaintiff, KOREAN PRODUCE BUYING SERVICE, INC. t/a K.P.T., respectfully submits this Memorandum of Law in support of its motion for a temporary restraining order without notice and for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Specially, plaintiff seeks temporary and preliminary injunctive relief to enjoin defendants, their agents, officers, employees, subsidiaries, assigns, banking institutions and all persons acting in concert therewith from transferring, withdrawing or in any other manner removing the PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts and any other accounts subsequently discovered to be standing in any Defendants' names.

This case arises out of the Perishable Agricultural Commodities Act of 1930, as amended in 1984, 7 U.S.C. § 499a, et seq. ("PACA" or the "Act"), and the PACA Trust Provisions set forth at 7 U.S.C. §499e. Plaintiff operates as a seller or commission merchant of perishable agricultural commodities and is the beneficiary of a statutory trust provided for by the PACA. Under the terms of the statutory trust, defendants CHA BROTHERS, MYUNG JONG CHA and HAE JA CHA, individually and/or doing business as Cha Brothers are statutory trustees who must hold in trust for plaintiff all inventories of food or other products derived from perishable produce, including any receivables or proceeds from the sale thereof, until plaintiff's PACA trust claims are fully paid. Plaintiffs PACA trust claim has priority over all other secured and unsecured claims against Defendants. By virtue of 7 U.S.C. §499e(c)(4), U.S. District Courts are vested with original jurisdiction to hear actions brought by PACA trust beneficiaries to enforce payment from the trust.

In a series of transactions occurring at the dates and in the amounts alleged in plaintiff's Complaint, plaintiff sold and shipped perishable agricultural commodities to defendants in accordance with defendants' instructions and at agreed-upon selling prices. Despite accepting all the commodities and despite reselling those commodities to their own customers, defendants has failed or refused to pay for an outstanding amount of $90,261.01 as of November 02, 2007. For the reasons stated herein, the Court is requested to grant plaintiff's instant application for a temporary restraining order and such other and further relief as the Court may deem just and proper.

## ARGUMENT

### POINT I

### THE PACA TRUST AND PLAINTIFF'S BENEFICIARY INTEREST IN THE TRUST

The Perishable Agricultural Commodities Act, 7 U.S.C. § 499a-499q ("PACA" or the "Act"), was enacted in 1930 to regulate the interstate sale and marketing of perishable agricultural commodities. Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007). The statute "provides growers and sellers of agricultural products with 'a self-help tool enabling them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables.'" Id., quoting D.M. Rothman & Co. v. Korea Commercial Bank of N.Y., 411 F.3d 90, 93 (2d Cir. 2005). Under PACA, "perishable commodities or proceeds from the sale of those commodities are held in trust by the buyer for the benefit of the unpaid seller until full payment is made." Coosemans Specialties, 485 F.3d at 705. The statute provides, in pertinent part, that

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any

-2-

> receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2).

As a PACA trustee, a produce buyer is charged with a duty "to insure that it has sufficient assets to assure prompt payment for produce and that any beneficiary under the trust will receive full payment." Cooseman Specialties, 485 F.3d at 705 (citations omitted). PACA "affords produce sellers a 'highly unusual trust beneficiary status that permits them, in the case of defaults, to trump the buyers' other creditors, including secured ones.'" Id. (citations omitted). See also Robinson Company v. Alanco Corp., 239 F.3d 483, 488 (2nd Cir. 2001) which held:

> Allowing a ... PACA trustee to pay any other creditors with, PACA funds before the Seller is paid in full would frustrate [PACA's] purpose, and would be contrary to the language of PACA and its accompanying regulations. PACA trust beneficiaries are entitled to full payment before trustees may lawfully use trust funds to pay any other creditors."

Where individual officers and shareholders of such entities are "in a position to control the assets of the PACA trust and fail[] to preserve them, [such officers and shareholders] may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans Specialties, 485 F.3d at 705 (citations omitted).

### POINT II

**A TEMPORARY RESTRAINING ORDER IS NECESSARY AND APPROPRIATE TO PREVENT DEFENDANTS' DISSIPATION OF THE PACA TRUST ASSETS.**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard under which a temporary restraining order may be issued without notice:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. ...

Temporary restraining relief is an appropriate vehicle for protecting a PACA trust beneficiary's rights. Tanimura and Antle, Inc. v. Packed Fresh, Inc., 222 F.3d 132, 140-141 (3d Cir. 2000) (holding that temporary injunction should issue upon a showing that the trust was depleted and payment was not readily forthcoming). See also Agricultural Commodities Act: A Necessary Means of Trust Enforcement, 23 U.C. Davis L.Rev. 3 (Spring 1990).

In this case, plaintiff, through the affidavit of its representative, has demonstrated that (i) Plaintiff is a produce dealer and creditor of defendants under PACA; (ii) Defendants engaged in the business of selling perishable agricultural products at retail and are "retailers" within the meaning of PACA (7 U.S.C. § 499a(b)(11); (iii) defendants have failed to maintain the PACA trust to protect plaintiff's interests and failed or refused to pay plaintiff for the $90,261.01 worth of produce that was sold and delivered to defendants. Therefore, giving defendants notice before entry of a preliminary injunction order would most likely allow defendants to further dissipate the PACA trust assets pending a hearing. Since it is all but impossible to recover trust assets once there has been dissipation (H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411), the loss to plaintiff and other trust creditors would be irreparable. In Horizon Marketing v. Kingdom International, Ltd., 244 F. Supp. 2d 131, 140 (E.D.N.Y. 2003), the District Court (Judge Garaufis) held as follows:

> ... **the irreparable harm in this case, as in other PACA cases, is the risk that a produce buyer will have dissipated the PACA trust without paying the produce seller, thus leaving the produce seller out of luck and out of money.** Indeed, the protection of produce sellers from this predicament was one of the main reasons cited by Congress in enacting the trust provisions of PACA. ... [emphasis added]

The purpose of the temporary restraining order is to maintain the status quo so that defendants will not transfer or continue to dissipate the trust assets. The temporary restraining order will not leave defendants without any immediate relief. Defendants, having violated the PACA trust provisions and failed to protect plaintiff's beneficiary interests in the trust assets, can seek to obtain immediate dissolution of the restraining relief by paying plaintiff of the trust moneys that are owed. Accordingly, the Court is requested to grant the temporary restraining relief sought herein pending the hearing of plaintiff's application for a preliminary injunction.

## POINT III

### PLAINTIFF IS ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF DURING THE PENDENCY OF THE ACTION.

It is well established that in order to obtain a preliminary injunction the plaintiff is required to show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Horizon Marketing, 244 F.Supp.2d at 139-140 (citations omitted). "That standard applies with equal force in cases, ..., brought under PACA for injunctive relief." Id. (citations omitted).

These elements are satisfied where sellers of perishable agricultural produce are not paid by the buyer for such produce and the seller demonstrates: (l) dissipation of the PACA

trust assets; and (2) the buyer's general financial instability. Tanimura, 222 F.3d at 140-141 (reversing the district court's denial of injunctive relief, stating that an adequate remedy at law does not exist, and that injunctive relief to prevent dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer).

As in Horizon Marketing, plaintiff's irreparable harm is "the risk that a produce buyer will have dissipated the PACA trust without paying the produce seller, thus leaving the produce seller out of luck and out of money." Id. at 140. There, the court found the produce seller's irreparable harm by relying on the legislative objective of the Congress in enacting the trust provisions in 1984. The Court stated that "Congress recognized that most produce sellers are small businesses which are 'least able to withstand the losses' that result from dissipation of trust assets through late payment or business failure." H.R. Rep. NO. 98-453, at 3 (1984), reprinted in 1984 U.S.C.C.A.N. 405, 406, 3 (1984). Significantly, the Horizon Marketing holding is consistent with the numerous other federal courts across the county. For example, Continental Fruit Co. v. Gatziolis & Co., 74 F.Supp. 453 (N.D. Ill. 1991) (finding irreparable harm because, absent injunctive action, potential trust dissipation would contravene PACA and permanently injure the trust beneficiary when the trustee had limited assets); Gullo Produce Co., v. A.C. Jordan Produce Co., 751 F.Supp. 64, 67 (W.D.Pa. 1990) (holding that produce seller plaintiffs "have suffered and will continue to suffer immediate and irreparable harm if the Defendant is not restrained from using or otherwise dissipating the trust assets" when the Defendant's insolvency precluded recovery).

Plaintiff also demonstrates a likelihood of success on the merits in order to obtain injunctive relief. Initially, plaintiff preserved and perfected its benefits of the statutory trust

by complying with 7 U.S.C. § 499e(c)(4)--giving notices of its intention to preserve its entitlement to the trust proceeds on its statements and invoices. See Kim Decl., Ex. A. Therefore, plaintiff qualifies as a trust beneficiary under the PACA for all transactions which are the subject of those invoices. There is no dispute that defendants are "retailers" within the meaning of 7 U.S.C. § 499a(b)(11) as they have engaged in the business of selling perishable agricultural commodity at retail. Kim Decl., ¶¶ 3-4. Nor is there any dispute that defendants have not paid plaintiff the amount of $90,261.01 as of November 02, 2007. Kim Decl., Ex. A. Despite plaintiff's clear right for payment under the PACA trust provisions, defendants failed and refused, and continue to fail and refuse, to preserve the PACA assets as required by the Act and, by Defendants' actions and admissions, have insufficient trust assets to pay the amounts protected under the trust. Kim Decl., ¶ 10; Ex. B. Accordingly, plaintiff is entitled to a preliminary injunction during the pendency of the within action to enforce its beneficiary interests in the PACA trust.

### POINT IV

### THE COURT SHOULD NOT REQUIRE PLAINTIFF TO POST A BOND FOR THE PRELIMINARY INJUNCTION.

The Court should not require that plaintiff post a bond as a condition to preliminary relief. Federal Rule of Civil Procedure 65(c) requires a posting of a bond "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." However, the Court has the discretion to dispense with the Requirement of a bond completely under appropriate circumstances or to require a nominal bond. California ex rei Van De Kamp v. Tahoe Regional Planning Agency, 766 F.2d

1319, 1324-25, as amended, 775 F.2d 998 (9th Cir. 1985); Wayne Chemical, Inc. v. Columbus Agency Servo Corp., 567 F.2d 692, 701 (7th Cir. 1977).

Here, defendants are to be ordered simply to comply with the trust provisions of the PACA. As it is required to do by law, Defendants are to sequester the PACA trust assets to which it lacks equitable title and to use them for the statutorily mandated purpose of satisfying qualified PACA claims. The monies are not Defendants' property. Rather, defendants merely hold them as trustee for Plaintiff. Accordingly, there is no potential harm to Defendants from an order compelling them to comply with the law and to set aside funds that are not defendants' property. Under these circumstances, no bond should be required.

## CONCLUSION

For the reasons stated herein, the Court is requested to issue a temporary injunction order and, upon return of the instant Order to Show Cause, grant plaintiff the preliminary injunction sought herein and that the Court grant plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 10, 2008

LAW OFFICES OF BING LI, LLC
Attorneys for Plaintiff

By: _____
    Bing Li (BL 5550)
    1350 Broadway, Suite 1001
    New York, NY 10018-0947
    (212) 967-7690

Chan-Yun Joo, Esq.
Co-counsel to Plaintiff